FILED
SUPERIOR COURT
OF GUAM

2019 APR 17 PM 3: 00

CLERK OF COURT

By:_____ JM _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>SCOTT SORAM aka Jerry Maros,<br><br>Defendant. | CRIMINAL CASE NO. CF0094-19<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on April 16, 2019, for hearing on Defendant Scott Soram aka Jerry Maros' ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release on Personal Recognizance ("Motion for Bail Redetermination"). Present were Defendant with counsel Assistant Alternate Public Defender Brycen Breazeale and Assistant Attorney General Brendlynn Joseph on behalf of the People of Guam ("the Government"). In accordance with its ruling from the bench on April 16, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

### BACKGROUND

On February 28, 2019, Defendant was indicted with the following charges: (1) Family Violence (As a Third Degree Felony); (2) Felonious Restraint (As a Third Degree Felony); (3) Terrorizing (As a Third Degree Felony); and (4) Resisting Arrest (As a Misdemeanor). (Indictment, Feb. 28, 2019). These charges stem from allegations that Defendant assaulted his

*People v. Soram*
Case No. CF0094-19
Decision and Order

girlfriend, Ms. McRena Sherry Joshua ("Ms. Joshua"), on or about the evening of February 14, 2019. (Decl. of Woodrow D. Pengelly, Magistrate's Compl., Feb. 18, 2019). According to the Declaration, Defendant became angry and started hitting Ms. Joshua while they were in a vehicle driving from Tumon to Barrigada. *Id.* Defendant struck her about forty times, and would not allow her to leave the vehicle. *Id.* Upon arrival at the apartment in Barrigada, Defendant still did not let her leave. *Id.* Later that night, Ms. Joshua was able to sneak out of the apartment and a neighbor dropped her at home. *Id.* The following night, Defendant contacted her and asked her if she was ready to go back to the apartment. *Id.* When she said no, he threatened her, and arrived at her residence several minutes later with several other male individuals, but was chased away by her grandfather. *Id.* Officers who responded to the scene observed bruises on Ms. Joshua's arms, on her back, and a black eye. *Id.*

On March 28, 2019, Defendant filed the instant Motion for Bail Redetermination.[1] Defendant is confined pending the posting of $3,000 cash bail. *See* Commitment Order, Feb. 18, 2019. At the first hearing on the Motion, counsel for Defendant indicated to the Court that his office was appointed just a few days prior and had not had the chance to review the motion filed by prior counsel. The Court continued the matter to April 16, 2019. On April 12, 2019, the Government filed its Response to the Motion, opposing Defendant's release.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the three thousand dollars ($3,000) cash bail. *See generally*, Mot. Bail Redetermination, Mar. 28, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as

---

[1] The Motion for Bail Redetermination was filed by Defendant's prior counsel, Public Defender Service Corporation ("PDSC"). Alternate Public Defender was appointed on March 29, 2019, after PDSC move to withdraw from representing Defendant due to a conflict of interest. *See* Motion to Withdraw (Conflict Current Client), Mar. 26, 2019; Order Re: Withdrawal as Counsel and for Other Counsel to be Appointed, Mar. 29, 2019; Notice of Court Appointed Counsel, Mar. 29, 2019.

*People v. Soram*
Case No. CF0094-19
Decision and Order

required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

(i) length of his/her residence on Guam;

(ii) his/her employment status and history, and financial condition;

(iii) his/her family ties and relationships;

(iv) his/her reputation, character and mental and physical condition;

(v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

(vi) his/her history relating to drug or alcohol abuse;

(vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person in the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a twenty-four-year lifelong resident of Guam, a U.S. citizen, and that he would follow all stay-away orders. (Mot. Bail Redetermination at 4, Mar. 29, 2019). Defendant acknowledges that he is also held on a parole hold, but believes that the Parole Board may release him if he is released with conditions in the instant matter. *Id.* The Government objects to Defendant's release based on the seriousness of the charges and his prior criminal record. *See generally*, Response, Apr. 12, 2019.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community. Defendant is alleged to have trapped the alleged victim in a car, striking her multiple times resulting in visible injuries and made threatening statements to her later on that more harm was to come. *See* Decl. of Woodrow D. Pengelly, Magistrate's Compl., Feb. 18, 2019. Defendant is charged with three third-degree felonies and one misdemeanor, and faces up to sixteen years of imprisonment. Additionally, when officers approached Defendant and told him "they needed to pat him down for safety, he became uncooperative, pulling away from the officers and continually attempting to push and kick them away as he went to the ground" resulting in the charge of Resisting Arrest (As a Misdemeanor). *Id.*

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with third-party custodians in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. Further Proceedings are set for May 15, 2019 at 9:00 a.m.

**IT IS SO ORDERED,** *nunc pro tunc to* **April 16, 2019,** this \_\_\_\_\_**APR 1 7 2019**_____.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of



AG, APD

Date 4/17 Time 3:20p
VA
Deputy Clerk, Superior Court of Guam

*People v. Soram*
Case No. CF0094-19
Decision and Order